UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRITNI WALSH and FRANKLIN EUGENE DUVALL, JR.,

Plaintiffs,

v. CASE NO. 5:26-cv-00545-JSM-PRL

MARION COUNTY SHERIFF'S OFFICE, LEAGUE CITY POLICE DEPARTMENT, CITY OF LEAGUE CITY, SHERIFF BILLY WOODS, KAILEIGH WALTON, HENRIK OSTHED, LEEF JEANFRANCOIS, and CLAYTON SHAW in their official and individual capacities,

Defendants.
_______________________________/

# MOTION TO DISMISS

Pursuant to *Federal Rule of Civil Procedure* 12(b)(6), Defendants SHERIFF BILLY WOODS, KAILEIGH WALTON, HENRICK OSTHED, AND LEEF JEAN-FRANCOIS move to dismiss Plaintiffs' Complaint [ECF-1] with prejudice and state:

1. This case arises from constitutional violation allegations pursuant to 42 U.S.C. §1983.

2. Plaintiffs' allegations include the following:

a) Count I – Unlawful Entry pursuant to the 4th Amendment against Walton, Osthed, and Marion County Sheriff's Office.

b) Count II – Unlawful Search and Seizure pursuant to the 4th Amendment against all Florida Defendants

c) Count III – Unlawful Detention and Prolonged Jailing of Plaintiffs under the 14th Amendment against Walton, Osthed, Jean-Francois, and Marion County Sheriff's Office

d) Count IV – Invasion of Privacy under the 14th Amendment against all defendants.

e) Count V – Monell Liability against Marion County Sheriff's Office.

f) Count VI – Monell Liability for the City of League City.

g) Count VII – Failure to Supervise / Failure to Train against Sheriff Woods.

h) Count VIII – Conspiracy to Violate Civil Rights against all individual defendants.

3. Plaintiffs have failed to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b) for the following reasons:

a) Plaintiffs have failed to name the correct legal entity.

b) Plaintiffs have failed to state a cause of action under *Monell*.

c) Plaintiffs' Complaint is a shotgun pleading.

4. For the reasons explained in this motion, Plaintiffs' Complaint should be dismissed.

**WHEREFORE**, Defendants SHERIFF BILLY WOODS, KAILEIGH WALTON, HENRICK OSTHED AND LEEF JEAN-FRANCOISrequest that the Court dismiss this action with prejudice for failure to state a claim.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01, Defendants offer the following Memorandum in support of this Motion.

### I. Standard of Review.

In considering a motion to dismiss, the Court must generally accept the factual allegations in the Complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch., Inc. v. Florida High Sch. Athletic Ass'n, Inc*., 942 F.3d 1215, 1229 (11th Cir. 2019).

But a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 US 662, 663 (2009) (quoting *Bell Atlantic v. Twombly*, 550 US 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."

*Jackson v. Bellsouth Telecomms*., 372 F.3d 1250, 1262-63 (11th Cir. 2004). See also *Iqbal*, 556 U.S. at 678 (courts must disregard "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

## II. "Marion County Sheriff's Office" is not a legal entity, and therefore, cannot be a party to a suit.

Florida Statute Section 768.28 provides that suits must be brought against "the constitutional officer of which the officer, employee, or agent is an employee." §768.28, Fla. Stat. Because a sheriff is an elected constitutional officer under the Florida Constitution, the sheriff in their official capacity is the appropriate defendant to name in a civil action. *Id*. *See also* Fla. Const. Art. VIII, § 1.

In this case, Plaintiffs sued the Marion County Sheriff's Office. Florida law is clear that the Marion County Sheriff's Office is an improper party. *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (affirming dismissal of § 1983 action against the sheriff's department); *see also Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."); *Maldonado v. Baker Cnty. Sheriff's Off*., 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity

subject to suit under Florida law."). Consequently, Plaintiffs' claims against the Marion County Sheriff's Office should be dismissed.

## III. **<u>Count V fails to Identify a Custom, Policy, or Practice that was the Cause of the Plaintiffs' alleged Constitutional Violation.</u>**

Although the Supreme Court has held that local government entities are "persons" within the scope of § 1983 and subject to its provisions, an entity cannot be vicariously liable for the constitutional wrongs of its employees. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir 2004) (citing *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978)). A municipality is not liable under § 1983 "solely based on the existence of an employer-employee relationship with a tortfeasor." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 692 (1978). "It is only when the execution of the government's policy or custom inflicts the injury that a municipality may be held liable." *McDowell*, 392 F.3d at 1289 (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A municipality does not incur § 1983 liability for injuries caused solely by its employees. *Id.* Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability. *Id*.

Here, other than conclusory boilerplate allegations – which are insufficient to state a claim upon which relief may be granted – nowhere in Count V or the

incorporated paragraphs does Plaintiffs identify a specific policy, custom, or practice sufficient to satisfy their pleading obligations to establish municipal liability.

Plaintiffs attempt to cast three conclusory allegations containing no factual support as sufficient to establish liability. First, Plaintiffs attempt to allege customs or practices of long-standing constitutional violations to state a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), alleging at paragraphs 103-106:

> 103. MCSO maintained a custom of assisting out-of-state agencies in investigative actions inside Florida without warrants, judicial oversight, or statutory authority, and without ensuring compliance with Florida or federal constitutional requirements.
>
> 104. MCSO maintained a custom of permitting deputies to conduct warrantless entries into private homes in non-exigent circumstances, including the March 7, 2025, forced entry into Plaintiffs' residence.
>
> 105. MCSO maintained a custom of seizing property without warrants, including electronic devices, and transferring such property to out-of-state agencies without judicial authorization, as occurred when Detective Walton seized and transferred Plaintiff Duvall's phone to Texas authorities.
>
> 106. MCSO maintained a custom of relying on fabricated or pretextual narratives, including the false "swatting" claim, to justify investigative intrusions and to conceal the true purpose of cross-jurisdictional operations.

To sustain a *Monell* claim under this theory, Plaintiffs must allege facts sufficient to raise an inference that there was "a widespread practice that, 'although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law[.]' ' " *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (*quoting City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (*quoting Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167-68, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970))).

Because the custom must be widespread and repeated, "random acts or isolated incidents are insufficient to establish a custom[.]." *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986). *See also Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016) ("To establish the existence of a custom, the plaintiff must show a longstanding and widespread practice.") (internal quotation marks omitted) (*quoting Craig v. Floyd Cnty*., 643 F.3d 1306, 1310 (11th Cir. 2011)). Thus, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality." *Craig*, 643 F.3d at 1311. Rather, "considerably more proof than [a] single incident [is] necessary." *City of Okla. City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (alterations added).

Here, glaringly absent from the Complaint are any facts or allegations supporting Plaintiffs' conclusory statements of a custom or practice. Instead, Plaintiffs' Complaint simply recites the allegations of this case and labels it as a "custom". Plaintiffs do not plead any other facts that would support an inference that these "customs" occurred more than once, as alleged in Plaintiffs' Complaint. Therefore, these conclusory and unsupported allegations of any "customs" fail to state a claim under Monell.

The District Court for the Southern District of Florida has recently addressed this very issue and determined that threadbare, conclusory, factually unsupported allegations in a complaint do not satisfy Plaintiffs' pleading standard.

> Here, Count II alleges only that "[t]he City has a history of retaliating against those who speak out about gross financial mismanagement/ waste of public funds." This conclusory, factually unsupported allegation is insufficient to plausibly allege a "custom or practice" of retaliation. *See Dipietro v. City of Hialeah*, 424 F. Supp. 3d 1286, 1297 (S.D. Fla. 2020) (finding that the Plaintiffs' allegations that the City retaliated against the plaintiff and one other police officer for speaking out against the City's unlawful traffic quota were "clearly deficient" and "fall woefully short of demonstrating the City's practice of retaliating against officers 'constitute[s] the sort of occurrence that is obvious, flagrant, rampant and of continued duration that would establish a causal connection between actions of the supervising official and the alleged constitutional violation' ") (*quoting Whitaker v. Miami-Dade Cnty*., 126

> F. Supp. 3d 1313, 1321 (S.D. Fla. 2015)); *Sharp v. City of Montgomery*, CASE NO. 2:19-CV-857-WKW, 2021 WL 5989104, at *4 n.4 (M.D. Ala. Dec. 17, 2021) (finding that vague allegations regarding the prevalence of racial discrimination and retaliation in the City of Montgomery, Alabama were "insufficient to convert an averment of a widespread discriminatory practice from speculative to plausible"), *Sanchez v. Miami-Dade Cnty.*, No. 06-21717-CIV, 2007 WL 1746190, at *3 (S.D. Fla. Mar. 28, 2007) (finding that an unsupported "vague allegation" that "the abuse to which the Plaintiff was subjected to was not an isolated incident, and was consistent with policy, **custom**, and **practice** of Miami-Dade County" was insufficient to plead a § 1983 municipality liability claim).

Here, the factual assertions in the complaint are sparser than those analyzed and rejected by the courts above. Plaintiffs only recite the facts of their own case as a single instance of like conduct. Plaintiffs fail to set forth facts of a pattern of instances establishing a custom of practice.

Second, Plaintiffs also attempt to assert liability against the Sheriff based on an alleged failure-to-train theory as set forth in *City of Canton v. Harris*, 489 U.S. 378 (1989). Specifically, Plaintiffs' claims:

107. MCSO failed to train deputies on:

a. constitutional limits on warrantless entry;

b. the requirement of probable cause and judicial authorization for searches and seizures;

c. the handling and seizure of electronic devices under Legal Bulletin 2022-18;

d. the constitutional protections afforded to minors during custodial interrogation;

and

e. the legal limits of cooperating with out-of-state agencies.

108. MCSO's failure to train and supervise deputies on these issues amounts to deliberate indifference, as the need for such training was obvious and the risk of constitutional violations was highly foreseeable.

In *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), the United States Supreme Court held that training programs, or lack thereof, may give rise to Section 1983 liability. 489 U.S. at 388; *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599 (7th Cir. 2019) (recognizing that failure-to-supervise claims fall within the scope of Monell and Canton liability). Failure-to- train claims are subject to "rigorous standards of culpability and causation," *Brown*, 520 U.S. at 405, and are "appropriate only when inadequate training 'amounts to deliberate indifference to the rights of persons with whom the [employee] come into contact.'" *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021)

(quoting *Canton*, 489 U.S. at 388). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62 (quoting *Brown*, 520 U.S. at 409).

Here, Plaintiffs fail to allege facts that show that the Sheriff was put on notice that additional training was necessary, yet despite this notice, no training was offered. As recognized by the Supreme Court in *Connick,* generally, in order to establish a failure to train claim, Plaintiffs must set forth a “pattern of similar constitutional violations by untrained employees.” No facts are present in the instant complaint that satisfy this burden.

Count V should be dismissed as Plaintiffs have failed to allege sufficient facts to state a claim.

## IV. <u>Plaintiffs’ Complaint is a shotgun pleading, as each successive claim incorporates every prior paragraph.</u>

Pleadings, pursuant to Federal Rule of Civil Procedure 8, must contain three parts: “(1) a short and plain statement of the grounds for the court’s jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which

may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Shotgun pleadings are a clear violation of Fed. R. Civ. P. 8(a)'s requirement that a complaint contain a short and plain statement of the claim. *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020). The Eleventh Circuit Court of Appeals provided the following factors to identify a shotgun pleading:

> **(1) 'contain multiple counts where each count adopts the allegations of all preceding counts';** (2) do not re-allege all the preceding counts but are 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

*Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771-72 (11th Cir. 2020) *(citing Weiland v. Palm Beach Cty. Sheriff's* [*772] Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)) (emphasis added).

Further, "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) (emphasis added). "If doing so would promote clarity, each

claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." *Id*.

Plaintiffs' Complaint is clearly a shotgun pleading, as each count adopts the allegations of all preceding counts. The first paragraph of each of Plaintiffs' Counts states a version of the following: "Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above and incorporate the same as if fully set forth at length herein." See ¶46, 58, 74, 86, 99, 116, 131, 142. At no point do Plaintiffs differentiate specific allegations and exhibits contained in the Complaint by any certain Count. Accordingly, Plaintiffs' Complaint squarely fits in the first category of shotgun pleading the Eleventh Circuit Court of Appeals describes. *Sarhan*, 800 F. App'x 769 at 771.

## V. Conclusion.

For the reasons stated herein, Plaintiffs' Complaint should be dismissed with prejudice.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned certifies that the movant has attempted to confer with the opposing party via email on September 7, 2026. Plaintiffs' counsel objects to the motion, and no resolution was reached.

Respectfully submitted this 8th day of September, 2026.

*/s/Alexis Eisman*

Zackery Scharlepp, (FBN: 0085374)
Alexis L. Eisman, (FBN: 1049442)
zascharlepp@coppinsmonroe.com
aeisman@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420 | Fax: 850-422-2730

ATTORNEYS FOR DEFENDANT SHERIFF BILLY WOODS, KAILEIGH WALTON, HENRICK OSTHED, AND LEEF JEAN-FRANCOIS

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically, and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*s/ Alexis Eisman*
Attorney