UNITED STATES DISTRICT COURT
for the
Middle District of Florida – Ocala Division

| | |
|---|---|
| BRITNI WALSH and FRANKLIN EUGENE DUVALL JR., *Plaintiffs,* <br><br> -v- <br><br> MARION COUNTY SHERIFF'S OFFICE, LEAGUE CITY POLICE DEPARTMENT, CITY OF LEAGUE CITY, SHERIFF BILLY WOODS, KAILEIGH WALTON, HENRIK OSTHED, LEEF JEAN-FRANCOIS, and CLAYTON SHAW in their official and individual capacities, *Defendants.* | Case No.5:26-cv-00545-AGM-PRL |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**COMES NOW** Plaintiffs BRITNI WALSH and FRANKLIN EUGENE DUVALL JR., by and through undersigned counsel, and respectfully submit this Response to the Court's Endorsed Order to Show Cause issued on September 21, 2026 (Doc. 25), and respectfully move for leave to amend the Complaint under Rule 15(a)(2) and in support state:

1. On July 31, 2026, undersigned counsel filed the Complaint (Doc. 1) in this matter. This Complaint contained a total of eight counts, each of which

began with the sentence "Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein."

2. The Factual Background section of the Complaint also contained the following leading sentence: "Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above and incorporate same as if fully set forth at length herein."

3. Undersigned counsel did communicate with counsel for the Florida defendants via e-mail on September 2 and 7, 2026. Counsel for the Florida defendants shared a draft copy of the motion to dismiss they intended to file. This motion did contain a section arguing that the Complaint was a shotgun pleading, along with three other sections.

4. Undersigned counsel also communicated with counsel for the Texas defendants by telephone on September 17, 2026 regarding defense counsel's intention to file a motion to dismiss and its arguments.

5. It was never undersigned counsel's intention to maintain a position without legal merit. The use of the offending sentence cited in Paragraph 1, above ("Plaintiffs hereby repeat all of the allegations…") was never intended to create confusion or uncertainty as to what was being pleaded in each count. Rather, this sentence was used simply in an effort to shorten the Complaint and avoid redundancy. As each count contains several unique

paragraphs apart from the repeating/incorporation sentence, each is still able to stand on its own. Regarding what constitutes an impermissible shotgun pleading, the line between a position without any legal merit and one with a colorable argument that employing this incorporation sentence in an effort to shorten the Complaint and avoid undue redundancy (at the time of the filing of this Complaint) made for a permissible pleading was anything but a clear one to undersigned counsel.[1] Counsel had a good faith belief at the time of filing that there was a colorable argument that the Complaint was not a shotgun pleading and complied with Rule 11 (2).

6. However, in the last several days, counsel has carefully and thoroughly read through Chief Judge Carnes' opinion in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Circuit 2015) (as well as other similar cases) dealing with what he termed "…a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *Id.* at 1321. This opinion shed new light on the shotgun pleading issue and vastly increased counsel's knowledge of the matter.

[1] In another case with undersigned counsel as lead counsel in this District involving a Complaint with similar language to the one at bar, the Complaint withstood the Defendant's motion to dismiss as a shotgun pleading, as the Court wrote: "The amended complaint is nineteen pages with twenty-six factual allegations and a single defendant. Although each count incorporates all preceding allegations, each count alleges with specificity the Michaels' theory of how the school violated its statutory or common law duty. Thus, a review of the complaint reveals fair notice of the claims against the school. The school neither sought a more definite statement nor apparently struggled to evaluate each claim on the merits for the purpose of seeking dismissal. *See Weiland*, 792 F.3d at 1324; *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1207-08 (11th Cir. 2019). Accordingly, the amended complaint is not subject to dismissal as a shotgun pleading." *Michael v. Academy*, Case 8:25-cv-03291-LSG Document 34 Filed 05/29/26 Page 6 of 18. However, in two of counsel's other cases recently in this District, the Courts have *sua sponte* ordered the filing of amended complaints to fix shotgun pleading deficiencies in the respective complaints.

7. Undersigned counsel stands before the Court hat in hand— recently enlightened and educated on this issue— and deeply regrets using the shotgun pleading in the first place, and subsequently refusing to modify it given the opportunity to do so by opposing counsel twice. I sincerely apologize to the Court, opposing counsel, and my clients for wasting judicial resources and time by maintaining a position with no legal merit. I humbly ask for another chance to rectify the deficiencies in the first Complaint. Plaintiffs Walsh and Duvall themselves bear no fault for the shotgun pleadings. If any sanction is required, it should fall on Plaintiff's counsel and not upon the Plaintiffs themselves.

8. Plaintiffs respectfully move for leave to amend the Complaint under Rule 15(a)(2) in order to cure the shotgun pleading deficiencies.

Respectfully Submitted,

Dated: September 25, 2026

**LLG NATIONAL LAW GROUP**

Robert S. Mactavish
Florida Bar Number 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
robert.mactavish@llgnational.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.



Robert S. Mactavish

## Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.



Robert S. Mactavish