UNITED STATES DISTRICT COURT
for the
Middle District of Florida – Ocala Division

| | | |
|---|---|---|
| BRITNI WALSH and FRANKLIN EUGENE DUVALL JR., *Plaintiffs,* -v- MARION COUNTY SHERIFF'S OFFICE, LEAGUE CITY POLICE DEPARTMENT, CITY OF LEAGUE CITY, SHERIFF BILLY WOODS, KAILEIGH WALTON, HENRIK OSTHED, LEEF JEAN-FRANCOIS, and CLAYTON SHAW in their official and individual capacities, *Defendants.* | ) | Case No.5:26-cv-00545-AGM-PRL |

**PLAINTIFFS' AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**COMES NOW** Plaintiffs BRITNI WALSH and FRANKLIN EUGENE DUVALL JR., by and through undersigned counsel, and submit this Amended Response in Opposition to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. 9).[1] Plaintiffs respectfully state that the motion does not provide a basis for dismissal of the claims asserted and should be denied for the reasons

[1] The Court issued an Endorsed Order (Doc. 27) striking without prejudice Plaintiff's Response in Opposition (Doc. 26) for failure to comply with the Standing Order Requiring Disclosure of the Use of Artificial Intelligence and granting leave to file an amended pleading by September 29, 2026. This Amended Response adds this AI Disclosure and also amends the shotgun pleading section to comport with the Endorsed Order to Show Cause (Doc. 25) and Plaintiffs' Response to Order to Show Cause (Doc.28).

set forth below. Plaintiffs concede that the Complaint is a shotgun pleading and request leave to amend.

## INTRODUCTION

Plaintiffs submit this response in opposition to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). This case concerns allegations of serious constitutional misconduct occurring over the course of a coordinated investigation involving law-enforcement officers in two states.

According to the Complaint, Texas Detective Clayton Shaw initiated contact with the Marion County Sheriff's Office concerning a Texas investigation and caused Florida law-enforcement personnel to undertake investigative activity at Plaintiffs' Florida residence. The Complaint alleges that MCSO personnel surveilled Plaintiffs' home without a Florida warrant or other judicial authorization; entered Plaintiffs' home and seized Plaintiff Franklin Duvall's cellular telephone without a warrant, consent, or exigent circumstance; photographed information from his phone; transferred the phone to Texas authorities; later forcibly entered Plaintiffs' residence without a warrant, consent, or exigent circumstance; seized and handcuffed Mr. Duvall; transported him for interrogation; and ultimately caused him to remain incarcerated for approximately twenty-one days. Complaint ¶¶ 22–45, 49–79.

The Complaint further alleges that MCSO maintained written directives concerning warrants for searches of cellular telephones, yet its personnel

nevertheless engaged in the conduct alleged. Complaint ¶¶ 25–26, 61–65. It also alleges prior incidents involving warrantless entries, improper cross-jurisdictional cooperation, and failures to obtain warrants for electronic devices, placing MCSO on notice of the alleged constitutional deficiencies. Complaint ¶¶ 111, 113.

The Motion attempts to reduce these allegations to a single isolated incident and then argues that Plaintiffs have merely attached the word "custom" to the conduct alleged. That is not an accurate reading of the Complaint. Plaintiffs allege multiple acts, occurring on multiple dates, involving multiple officers, different forms of constitutional intrusion, interagency coordination, violation of an identified written policy, alleged supervisory failures, and alleged prior incidents providing notice. Whether Plaintiffs can ultimately prove those allegations is a question for discovery and, if necessary, trial. At the Rule 12(b)(6) stage, the Court asks whether the well-pleaded allegations plausibly state a claim.

The Motion likewise identifies a legitimate pleading issue concerning the repeated incorporation of prior allegations. Plaintiffs concede that the Complaint is a shotgun pleading and request leave to amend, as the Eleventh Circuit has recognized that the appropriate remedy is ordinarily an opportunity to replead, not dismissal with prejudice.

Finally, Defendants' capacity argument does not warrant dismissal of

the action with prejudice. Plaintiffs have separately sued Sheriff Billy Woods in his official capacity as the final policymaker for MCSO. Thus, even assuming the Court determines that the Marion County Sheriff's Office itself is not a separately suable entity under Florida law, the underlying official-capacity municipal-liability theory need not disappear. At most, the Court should require Plaintiffs to substitute or clarify the proper defendant. The Motion should therefore be denied. Alternatively, Plaintiffs request leave to amend.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the ultimate merits of the plaintiff's case. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At this stage, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n*, 942 F.3d 1215, 1229 (11th Cir. 2019). The Court does not weigh competing factual explanations or determine whether Plaintiffs will ultimately be able to prove their allegations.

Nor does Rule 8 impose a heightened pleading requirement on § 1983 plaintiffs. In *Hoefling v. City of Miami*, 811 F.3d 1271, 1277–80 (11th Cir. 2016), the Eleventh Circuit expressly rejected application of a heightened

pleading standard to § 1983 municipal-liability claims and held that a plaintiff need only allege a policy, practice, or custom that caused the constitutional deprivation. The plaintiff did not have to identify and prove the municipality's final policymaker at the pleading stage.

The question, therefore, is not whether Plaintiffs have already proven their claims. The question is whether the factual allegations, assumed true and viewed in Plaintiffs' favor, plausibly support relief.

## ARGUMENT

## I. The MCSO Capacity Issue Does Not Warrant Dismissal With Prejudice

Defendants argue that the Marion County Sheriff's Office is not a separately suable entity under Florida law. Plaintiffs recognize the Eleventh Circuit authority addressing that issue, including *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992), and *Faulkner v. Monroe County Sheriff's Department*, 523 F. App'x 696, 701 (11th Cir. 2013). But that argument does not justify dismissal of the action with prejudice.

### A. Plaintiffs have already named Sheriff Woods in his official capacity.

The Complaint separately names Sheriff Billy Woods and alleges that he is sued in his official capacity as the final policymaker for MCSO with respect to training, supervision, discipline, and operational policies. Complaint ¶¶ 15,

132. By doing so, Plaintiffs have already identified the governmental policymaking authority whose policies, customs, and supervisory decisions are alleged to have caused the constitutional violations. The official-capacity claim against Sheriff Woods therefore captures the same *Monell* theory Defendants seek to dismiss.[2]

Even if the Court concludes that the Marion County Sheriff's Office is not a proper separately named entity under Florida law, that determination does not eliminate the underlying municipal-liability claim. The official-capacity claim against Sheriff Woods provides a separately pleaded vehicle for asserting the governmental-liability theory, even if the Court determines that MCSO itself is not a separately suable entity under Florida law.

**B. The proper remedy is amendment, not dismissal of the action.**

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. Plaintiffs have already identified Sheriff Woods in his official capacity and pleaded the factual basis for the governmental-liability claims. If the Court determines that MCSO lacks capacity to be sued separately, Plaintiffs respectfully request that MCSO be dismissed only as a nominal entity and that Plaintiffs be permitted to amend the caption and allegations accordingly. Dismissal of the entire action with prejudice would be unwarranted.

---

[2] See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

## II. Plaintiffs Have Adequately Pleaded a Monell Claim

Defendants next argue that Plaintiffs have failed to plead a policy or custom because the Complaint allegedly describes only the events involving Plaintiffs. Motion at 5–9. That characterization does not accurately reflect the Complaint.

The Complaint alleges multiple constitutional intrusions occurring on different dates, involving multiple deputies, and arising from identified policies, customs, and supervisory failures. It further alleges specific written-policy violations, prior incidents placing MCSO on notice of similar constitutional deficiencies, and a causal connection between those governmental failures and the injuries suffered. Complaint ¶¶ 102–113. At the Rule 12 stage, these detailed factual allegations must be accepted as true and are more than sufficient to plausibly state a Monell claim.

### A. The Complaint alleges multiple acts and multiple constitutional intrusions.

The Complaint alleges a coordinated sequence of constitutional violations occurring over several months, involving multiple deputies, multiple investigative steps, and multiple forms of intrusion into Plaintiffs' home, property, and liberty interests. These include:

1. warrantless surveillance of Plaintiffs' home beginning in December

2024;

2. warrantless entry and seizure of Mr. Duvall's cellular telephone on December 20, 2024;
3. photographing information displayed through his Discord account;
4. transfer of the seized device to Texas authorities;
5. existence of MCSO Legal Bulletin 2022-18 concerning cellular-telephone warrants;
6. use of a fabricated "swatting" narrative as a ruse by law enforcement;
7. warrantless forced entry into Plaintiffs' residence on March 7, 2025;
8. seizure, handcuffing, interrogation, and transportation of Mr. Duvall; and
9. a twenty-one-day detention without a warrant, probable cause, or judicial authorization.

Complaint ¶¶ 22–45, 61–79, 102–113.

These allegations describe multiple constitutional intrusions, not a single event. They involve surveillance, warrantless entry, seizure of property, seizure of a person, interrogation, cross-jurisdictional evidence transfer, and prolonged detention. Taken together, they plausibly support the inference that the challenged conduct resulted from MCSO's policies, customs, deliberate indifference, and supervisory failures, rather than an isolated act of individual deputies.

**B. The Complaint identifies specific policies and practices.**

The Complaint does not rely on conclusory labels. It identifies concrete MCSO customs and practices that allegedly created the constitutional risks at issue, including:

1. warrantless entries into private residences;
2. seizure and transfer of electronic devices without judicial authorization;
3. cross-jurisdictional investigative activity without warrants or statutory authority;
4. use of pretextual investigative narratives; and
5. failures in training, supervision, enforcement, and corrective action concerning these subjects.

Complaint ¶¶ 102–113.

These allegations identify the specific subject matter of the challenged customs and practices and explain how they allegedly operated in practice. They also describe the constitutional risks those practices created and connect them to the injuries suffered by Plaintiffs. At the Rule 12 stage, this level of factual detail is more than sufficient to plausibly allege a Monell policy or custom.

**C. The Complaint identifies an actual written policy concerning electronic devices.**

The Complaint alleges that MCSO Legal Bulletin 2022-18 requires deputies to obtain a warrant before searching the contents of a cellular telephone, even when the device has been lawfully seized. Complaint ¶¶ 25–26. Plaintiffs further allege that deputies nevertheless seized Mr. Duvall's telephone, accessed information displayed through his Discord account, photographed that information, and transferred the device to Texas authorities without judicial authorization. Complaint ¶¶ 33–45.

These allegations identify a concrete, written agency directive governing the precise constitutional subject at issue and allege conduct directly inconsistent with that directive. The existence of a written policy, coupled with allegations that deputies violated it, supports a plausible inference that MCSO failed to train, supervise, or enforce compliance with its own constitutional requirements. Whether deputies complied with the policy, whether supervisors enforced it, and whether similar violations occurred are factual questions that cannot be resolved on a Rule 12(b)(6) motion.

**D. The Complaint alleges prior incidents and notice.**

The Complaint alleges that MCSO had prior notice of the constitutional risks at issue. Plaintiffs allege earlier incidents involving warrantless entries,

improper cross-jurisdictional cooperation, and failures to obtain warrants for electronic devices, all of which placed MCSO on actual or constructive notice of recurring deficiencies in training, supervision, and policy enforcement. Complaint ¶¶ 111, 113. At the pleading stage, Plaintiffs are not required to attach internal agency records or identify every prior incident by date, case number, or deputy name. It is sufficient that the Complaint alleges prior similar misconduct that alerted MCSO to the need for corrective action and that MCSO failed to implement such action. These allegations plausibly support deliberate indifference under *Monell*.

**E. *Hoefling* confirms that Plaintiffs need not satisfy a heightened pleading standard.**

In *Hoefling v. City of Miami*, the Eleventh Circuit rejected any heightened pleading requirement for §1983 municipal-liability claims and held that a plaintiff need only allege facts plausibly identifying a policy, practice, or custom that caused the constitutional deprivation. 811 F.3d at 1279–80. The court emphasized that a Monell claim may proceed at the Rule 12 stage even when the plaintiff has not identified every detail of the policymaker or proven the existence of the policy. Plaintiffs have done precisely what *Hoefling* requires: they have alleged specific customs, specific practices, specific written-policy violations, specific training and supervision deficiencies, and specific prior incidents providing notice, all tied directly to the constitutional

injuries described in the Complaint. At this stage, that is sufficient.

**F. The Complaint adequately alleges causation.**

The Eleventh Circuit has explained that a § 1983 municipal-liability claim requires a constitutional violation, a municipal policy or custom that amounts to deliberate indifference, and a causal connection between the policy or custom and the alleged constitutional injury. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The Complaint satisfies those pleading requirements. It alleges that MCSO's policies, customs, training failures, supervisory failures, and deliberate indifference were the moving force behind the constitutional violations. Complaint ¶¶ 102, 110–113.

These allegations do more than recite the Monell standard; they identify the specific governmental deficiencies that allegedly produced the warrantless entry, seizure of property, custodial interrogation, and prolonged detention.

Plaintiffs allege that MCSO permitted or failed to prevent deputies from engaging in warrantless and cross-jurisdictional investigative conduct, that deputies acted pursuant to or consistent with those deficiencies, and that Plaintiffs suffered constitutional injuries as a direct result. At the pleading stage, these allegations are sufficient to plausibly allege the causal connection required under *Monell*. Whether Plaintiffs can ultimately prove causation is a merits question not properly resolved on a Rule 12(b)(6) motion.

**G. The factual basis for Plaintiffs' allegations is properly developed through discovery.**

Plaintiffs have alleged, based on the facts presently available to them, that MCSO's challenged policies, customs, practices, training deficiencies, and supervisory failures were not limited to the events alleged in this Complaint. Plaintiffs further allege that prior incidents involving warrantless entries, improper cross-jurisdictional cooperation, and failures to obtain warrants for electronic devices placed MCSO on actual or constructive notice of recurring constitutional deficiencies. Compl. ¶¶ 111, 113. The additional facts concerning the frequency, scope, implementation, and enforcement of those practices—including MCSO's policies, training materials, supervisory practices, prior complaints or incidents, and responses to known constitutional deficiencies—are matters within Defendants' possession, custody, or control.

At the pleading stage, Plaintiffs are not required to prove the full evidentiary record supporting their municipal-liability claims. Plaintiffs have pleaded specific facts identifying the challenged policies, customs, practices, training deficiencies, prior incidents, notice, and causal connection to the constitutional violations alleged. Discovery will permit Plaintiffs to further establish the full extent of those practices and the facts concerning MCSO's knowledge, implementation, supervision, and response. Defendants' demand

that Plaintiffs establish the complete evidentiary record concerning those matters before discovery would improperly require Plaintiffs to prove their claims at the Rule 12(b)(6) stage rather than plead a plausible claim for relief. See *Hoefling v. City of Miami*, 811 F.3d 1271, 1279–80 (11th Cir. 2016).

## III. The Failure-to-Train Claim Is Adequately Pleaded

Defendants rely on *City of Canton*[3] and *Connick*[4] to argue that Plaintiffs have not alleged a sufficient pattern to support failure-to-train liability. Plaintiffs agree that deliberate indifference ordinarily requires notice of recurring constitutional violations. The Complaint satisfies that standard by alleging prior similar incidents, identifying specific training deficiencies, and alleging that MCSO failed to implement corrective training, supervision, or enforcement. At the Rule 12 stage, these allegations plausibly state a failure-to-train claim.

### A. The Complaint alleges prior notice of the specific constitutional risks involved.

The Complaint alleges that MCSO had prior notice of the very constitutional risks implicated here. Plaintiffs allege earlier incidents involving warrantless entries, improper cross-jurisdictional cooperation, and failures to obtain warrants for electronic devices - precisely the same categories of misconduct that form the basis of the present claims. Complaint ¶¶ 111, 113.

[3] See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).
[4] See *Connick v. Thompson*, 563 U.S. 51 (2011).

These alleged prior deficiencies concern the same subject matter as the warrantless entry, seizure, interrogation, and prolonged detention described in the Complaint, and they plausibly support the inference that MCSO was aware of recurring constitutional risks but failed to implement corrective training, supervision, or enforcement.

**B. The Complaint identifies the specific training subjects alleged to be deficient.**

The Complaint identifies the precise training subjects alleged to be deficient. Plaintiffs allege that MCSO failed to train deputies on the constitutional limits governing warrantless entry, probable cause determinations, and the need for judicial authorization before seizing or searching electronic devices under Legal Bulletin 2022-18. Complaint ¶ 107.

Plaintiffs further allege deficiencies in training concerning custodial interrogation requirements and the limits of cross-jurisdictional investigative authority. These alleged training failures correspond directly to the constitutional violations described in the Complaint and plausibly support the inference that inadequate instruction on these subjects contributed to the warrantless entry, seizure, interrogation, and prolonged detention at issue.

**C. The Complaint alleges deliberate indifference.**

The Complaint alleges that MCSO had actual or constructive notice of prior similar constitutional deficiencies but failed to implement corrective

training, supervision, or oversight. Complaint ¶¶ 108, 111, 113. Plaintiffs allege that despite earlier incidents involving warrantless entries, improper cross-jurisdictional cooperation, and failures to obtain warrants for electronic devices, MCSO did not modify its training practices, reinforce existing policies, or take steps to prevent recurrence. These allegations plausibly support the inference that MCSO knew of recurring constitutional risks and consciously disregarded them.

## **IV. The Complaint Is a Shotgun Pleading and Leave is Requested to File an Amended Complaint**

Defendants argue that the Complaint is a shotgun pleading because each count incorporates prior allegations. The Court agreed, as set forth in the Endorsed Order to Show Cause dated September 21, 2026 (Doc. 25), this Court held that "…it is evident that the Complaint squarely fits into the Eleventh Circuit Court of Appeals' definition of 'shotgun pleadings' because each count incorporates all preceding counts."

The Eleventh Circuit has made clear that when a complaint is found to be a shotgun pleading, the appropriate course is to allow plaintiffs at least one opportunity to replead. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295–96 (11th Cir. 2018). Plaintiffs have not previously been ordered to amend, and therefore dismissal with prejudice would be inconsistent with Eleventh Circuit procedure. In light of the Court's Order, Plaintiffs respectfully move for leave

to file an Amended Complaint under Rule 15 (a)(2) to rectify the shotgun pleading deficiencies.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied. The Complaint alleges detailed facts supporting municipal liability, including multiple constitutional intrusions, identified policies and practices, violations of a written directive, prior incidents providing notice, and specific training and supervisory deficiencies. At the Rule 12(b)(6) stage, these allegations must be accepted as true and are more than sufficient to plausibly state claims under *Monell*, *Canton*, and *Connick*.

The capacity argument does not warrant dismissal of the action with prejudice because Plaintiffs have separately sued Sheriff Woods in his official capacity, which fully preserves the municipal-liability theory. The incorporation paragraphs do render the Complaint a shotgun pleading, and thus Plaintiffs respectfully request leave to amend pursuant to Rule 15(a)(2).

Should the Court determine that any additional clarification is required under Rules 8, 10, or 17 for any non-shotgun pleading issues, Plaintiffs respectfully request leave to amend pursuant to Rule 15(a)(2). Dismissal with prejudice would be inconsistent with Eleventh Circuit precedent.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for Plaintiff has communicated with opposing counsel via e-mail as to the thrust of this motion and based on that communication anticipates that Defendant will oppose the same. In accordance with Local Rule 3.01(g), counsel contacted Defendant's counsel via e-mail to meaningfully confer regarding the relief sought herein and therefore believes that none of the issues herein can be resolved without the necessity of court intervention.

Respectfully Submitted,

Dated: September 26, 2026

**LLG NATIONAL LAW GROUP**

____________________________

Robert S. Mactavish
Florida Bar Number 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
robert.mactavish@llgnational.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

____________________________

Robert S. Mactavish

## Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: our firm's paralegal who helped write the initial draft of this pleading used Grammarly. Although it is AI, it is not generative AI and only deals with grammar, spelling, sentence structure, etc. Grammarly does not generate content. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

______________________________

Robert S. Mactavish