**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BRITNI WALSH and FRANKLIN EUGENE DUVALL JR.,**

**Plaintiffs,**

**vs.**

**MARION COUNTY SHERIFF'S OFFICE, LEAGUE CITY POLICE DEPARTMENT, CITY OF LEAGUE CITY, SHERIFF BILLY WOODS, KAILEIGH WALTON, HENRIK OSTHED, LEEF JEAN-FRANCOIS, and CLAYTON SHAW in their official and individual capacities,**

**Defendants.**
**_______________________________/**

**CASE NO: 5:26-cv-00545-AGM-PRL**

**DEFENDANTS' LEAGUE CITY POLICE DEPARTMENT,**
**CITY OF LEAGUE CITY, AND CLAYTON SHAW'S**
**VERIFIED DISCLOSURE OF THIRD-PARTY LITIGATION FUNDING**

Defendants City of League City, Texas, League City Police Department[1], and Detective Clayton Shaw, by and through undersigned counsel and pursuant to this Court's Standing Order Requiring Disclosure of Third-Party Litigation Funding

[1] The League City Police Department is a department of League City, Texas, and is not a separate legal entity.

(Doc. 22) (the "Standing Order"), hereby files this Verified Disclosure of Third-Party Litigation Funding.

Defendants make this disclosure out of an abundance of caution and consistent with Section VIII of the Standing Order, which directs a party in doubt to construe the language of the Order in the broadest reasonable sense. Defendants do not concede that traditional liability coverage or participation in a governmental joint self-insurance pool constitutes "third-party litigation funding" as that phrase is ordinarily used. The arrangement described below is contractual defense-and-indemnity coverage under a Texas intergovernmental risk pool. It is not a contingent investment in the outcome of this action, and the pool has no right to share of any judgment or settlement proceeds.

## I. Identification of the Non-Party That May Fund Attorney Fees and/or Expenses

The following entity is not a party to this action and has arranged to fund some or all of Defendants' attorney fees, claim expenses, and (if coverage applies) damages related to this action, subject to the terms, conditions, exclusions, limits, and deductibles of the coverage documents:

Name: Texas Municipal League Joint Self-Insurance Fund (administered as the Texas Municipal League Intergovernmental Risk Pool ("TMLIRP" or the "Fund")

Address: 1821 Rutherford Lane, First Floor
Austin, Texas 78754
P.O. Box 149194

Austin, Texas 78714-9149

## II. Nature of the Fund's Interest in the Case

TMLIRP is a Texas intergovernmental joint self-insurance pool formed by interlocal agreement among participating Texas local governments. It is not a commercial litigation-finance company. Its interest is limited to the contractual obligations it assumed under the Interlocal Agreement and the Coverage Document, namely:

(a) Defense. The Fund has the right and duty to defend any suit against the Member or Covered Party seeking damages on account of such liability as covered in the Plan, including the right to select defense counsel and control the defense.

(b) Indemnity. Subject to all terms, exclusions, limits, and deductibles, the Fund will pay on behalf of the Member or Covered Party sums the Member or Covered Party becomes legally obligated to pay as damages arising out of a covered occurrence or wrongful act.

(c) Claim expenses. The Fund pays allocated claim expenses incurred in the investigation, negotiation, settlement, and defense of a covered claim or suit, subject to any reimbursable deductible.

(d) No contingent share of the outcome. The Fund has no contractual rights to a percentage of any recovery, judgment, or settlement obtained by or

against the Defendants. Any payment by the Fund is made pursuant to the Coverage Document, not in exchange for an investment return tied to the results of this action. The Fund is subrogated to the Defendant's rights of recovery to the extent of payment it makes.

**III. Existence of a Contract**

A contract exists between the Fund and League City, Texas, consisting of the Interlocal Agreement by which League City is a Member of the Fund, and the Liability Coverage Document and Declarations of Coverage designating the coverages, limits, and deductibles adopted by League City. Detective Shaw is a Covered Party under that contract to the extent the Coverage Document so provides; he is not a separate contracting party with the Fund.

Undersigned counsel does not have a separate funding contract with the Fund independent of the defense assignment that follows from the Coverage Document's duty-to-defend provision.

**IV. Whether the Funds' Approval is Necessary for Litigation or Settlement Decisions.**

Yes. The Fund retains its contractual right to control the defense of the suit, without waiving its right to pay only those damages which are covered under the terms of the Plan. The Fund may make such investigation and settlement of any claim or suit it deems expedient, and the Member or Covered Party must, upon the

Fund's request, assist in making settlement, up to the indemnification limits available pursuant to the Coverage Document.

**V. Foreign-Government Affiliation or Funding**

Based on diligent inquiry, including review of the Coverage Document, the Declarations, and publicly available information concerning TMLIRP, Defendants state that TMLIRP is a Texas intergovernmental joint self-insurance pool owned and funded by participating Texas local governments. Defendants are not aware that the Fund, or any of its corporate parents or affiliates, is affiliated with or receives funding from a foreign government or governments.

**VERIFICATION**

Pursuant to Section I(A) of the Standing Order, I verify under penalty of perjury that I have reviewed the Standing Order Required Disclosure of Third-Party Litigation Funding; that I have made diligent inquiry of the insurer named above and of the coverage materials provided in connection with this action; and that the foregoing disclosure is true and correct to the best of my knowledge, information, and belief.

*/s/ Joshua B. Walker*
JOSHUA B. WALKER, ESQ.
Florida Bar No. 0047614

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**I HEREBY CERTIFY** that on September 28, 2026, the foregoing was electronically filed with the clerk of court by using the CM/ECF system which will send a notice of electronic filing to Robert S. Mactavish, Esq., 3003 N. Central Ave., Ste. 685, Phoenix, AZ 85012; Zackery Scharlepp, Esq. and Alexis L. Eisman, Esq., 2316 Killearn Center Blvd., Ste. 202, Tallahassee, FL 32309.

*/s/ Joshua B. Walker*

JOSHUA B. WALKER, ESQ.
Florida Bar No. 0047614
Walker, Revels, Greninger, PLLC
189 S. Orange Avenue, Suite 1600
Orlando, FL 32801
Tel: 407-789-1830 Fax: 321-251-2990
Attorney for League City Police Department, City of League City, and Clayton Shaw